Haywood LILES, Appellant,

v.

UNITED STATES of America,
Appellee.

John D. JOHNSON, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 20807, 20808.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 19, 1967.

Decided Nov. 16, 1967.

Mr. Thomas D. Quinn, Jr., Washington, D. C. (appointed by this court) for appellants.

Mr. Joel M. Finkelstein, Sp. Attorney, Office of the United States Attorney, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of court, with whom Mr. David G. Bress, U. S. Atty., and Messrs. Frank Q. Nebeker and Robert K. Webster, Asst. U. S. Attys., were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

PRETTYMAN, Senior Circuit Judge:

Appellants were convicted of robbery. Their appeals from the judgment were consolidated for hearing and decision.

Two on-duty police officers were touring in a scout car about 3:00 a. m. on Tenth and L Streets, Northwest, when they saw appellants running. Both appellants were wearing trench coats. They ran into an alley and shortly reappeared without the coats. The officers inquired as to why they were running and why they had discarded their coats. Appellants said they had been in a fight and "did not want to get into any trouble." The officers suggested a return to the scene of the fight to "get this straightened out." Appellants agreed, and all four got into the scout car. The officers observed, protruding from the hip pocket of one of the appellants, a knife of the sort used for paring purposes in the kitchen. They removed it. En route the officers heard a short-wave "lookout" for a robbery said to have occurred at their proposed destination. At the scene of the alleged fight a Marine corporal told the officers he had been beaten and robbed, and identified appellants as his assailants. The officers formally placed appellants under arrest. While awaiting a police wagon to transport appellants to the station, a wallet was found on the floor of the scout car,

and 'the Marine identified it as his property.

■ Appellants urge, first, that the trial court erred in failing to give the jury an instruction on the specific-intent element of the crime of robbery. The Government agrees. That the instruction was required was established by Byrd v. United States [1] and Jackson v. United States.[2]

■ Appellants also urge that the admission in evidence of the wallet and the knife constituted reversible error. Since the point will probably appear again in the trial upon remand, we pass upon it. We think the items were admissible. The point must be judged upon the facts of this particular case and not upon a general discussion of the varying meanings of words or legal phrases.[3] Indisputably the wallet was the property of the Marine and came into the possession of the police by being thrown by one of the appellants voluntarily on the floor of the police scout car. In so far as the knife was concerned, it was potentially a dangerous weapon and was in plain view protruding from the pocket of a man who had told the officer he had just been in a fight on the street at three o'clock in the morning. Appellants argue that an arrest occurred when they emerged from the alley, that this arrest was without probable cause and therefore illegal, and that all items thereafter taken were illegally taken and were therefore inadmissible in evidence. But this process of reasoning lacks a premise in the facts here before us. Appellants entered an alley on the run at three o'clock in the morning and emerged after discarding two trench coats. They entered the police car to accompany the officers on an inquiry into appellants' own story that they had been in a fight on a public street. The wallet was not "seized" in any forcible way; it was placed on the floor of the car surreptitiously by appellants. The knife was a paring knife with a three-inch blade and, as we have said, was protruding from the pocket of a man who had said he had been running away from a street fight. We think the facts make these items admissible in evidence under basic considerations which neither require nor justify our venturing into the maelstrom created by the nicer technicalities of the laws of arrest, search and seizure, and the fruit of poisoned trees.

We caution the District Court that pending in the Supreme Court are four cases [4] involving the so-called "stop-and-frisk-problem", in which the eventual opinions may possibly have some bearing on the problem here presented. These cases may be decided by the time this present case is reached for trial. We nevertheless proceed with this present disposition so as to avoid unpredictable delay.

Reversed and remanded for a new trial.

1. 119 U.S.App.D.C. 360, 342 F.2d 939 (D.C.Cir. 1965).

2. 121 U.S.App.D.C. 160, 348 F.2d 772 (D.C.Cir. 1965).

3. A bit of confusion creeps into the consideration. Upon the hearing before Judge Matthews on the motion to suppress, counsel for appellants specifically said the motion concerned the wallet. Upon the hearing before the trial judge upon the motion to suppress, out of the presence of the jury, counsel clearly maintained that all items taken should be excluded. The typewritten motions to suppress (one on behalf of each defendant), as they appear in the record before us, differ. The one filed on behalf of Johnson is specifically addressed to the wallet, any identification, and all statements, etc., made by him. The motion filed on behalf of Liles includes, but is not limited to, the wallet, all statements, and any identification.

4. Com. of Massachusetts v. Painten, 368 F.2d 142 (1st Cir. 1966), cert. granted 386 U.S. 931, 87 S.Ct. 955, 17 L.Ed.2d 805 (1967); People of State of New York v. Sibron, 18 N.Y.2d 603, 272 N.Y.S.2d 374, 219 N.E.2d 196 (1966), prob. jur. noted, 386 U.S. 954, 87 S.Ct. 1042, 18 L.Ed.2d 101 (1967); New York v. Peters, 18 N.Y.2d 238, 273 N.Y.S.2d 217, 219 N.E.2d 595 (1966), prob. jur. noted, 386 U.S. 980, 87 S.Ct. 1291, 18 L.Ed.2d 228 (1967); State of Ohio v. Terry, 5 Ohio App.2d 122, 214 N.E.2d 114 (1966), cert. granted, 387 U.S. 929, 87 S.Ct. 2050, 18 L.Ed.2d 989 (1967).