**UNITED STATES of America**

v.

**James H. GILBERT, Appellant.**

**No. 23324.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 15, 1970.

Decided Sept. 8, 1970.

Petition for Rehearing Denied Oct. 30, 1970.

Mr. Ralph S. Spritzer, with whom Mr. Paul Bender, Washington, D. C. (both appointed by this court), was on the brief, for appellant.

Mr. William S. Block, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A. Terry and John F. Rudy, II, Asst. U. S. Attys., were on the brief, for appellee.

Before WRIGHT and TAMM, Circuit Judges, and NICHOLS,* Judge, United States Court of Claims.

PER CURIAM:

On overwhelming evidence, appellant was convicted of six counts of forgery and uttering in violation of 22 D.C.Code § 1401 (1967). The only point raised on appeal is that the trial court refused on request to charge the jury that the United States had the burden of proving be-

---

* Sitting by designation pursuant to 28 U.S. C. § 293(a) (1964).

yond a reasonable doubt that appellant was without authority from Charles W. Bailey in signing his name to the Sears, Roebuck & Company charge slips.

The Government apparently concedes that when, as here, a defendant is charged with forging the name of a real or existing person, lack of authority is an essential part of the crime of forgery. It argues, however, citing Owen v. People, 118 Colo. 415, 195 P.2d 953 (1948), that lack of authority is included in the notion of falsity and that the District Court charged that falsity was an element of the offense. But as Owen v. People makes clear, "to establish falsity in a forgery charge it must be made to appear not only that the person whose name is signed to the instrument did not sign it, but also it must be established by competent evidence that the name was signed by defendant without authority * * *." 195 P.2d at 956. So whether lack of authority is considered a separate element of the offense or a part of the element of falsity, the jury must be advised that without proof of lack of authority the prosecution may not succeed.[1] Here the trial court charged that falsity was an element of the offense, but did not advise the jury that proof of lack of authority was required to establish falsity.

Under the circumstances, it was error to refuse to give the requested charge on the need for proof of lack of authority. In view of the overwhelming evidence against appellant, however, in the circumstances of this case we find the error harmless. Rule 52(a), Fed. R.Crim.P.

Affirmed.

[1]. The cases are generally in agreement. See Hough v. United States, 130 U.S.App. D.C. 147, 397 F.2d 708 (1968); Easterday v. United States, 53 App.D.C. 387, 292 F. 664 (1923); Mathews v. Lamb, 84 Nev. 649, 446 P.2d 651 (1968); State v. Phillips, 256 N.C. 445, 124 S.E.2d 146 (1962); Berg v. State, 157 Neb. 863, 61 N.W.2d 837 (1954); State v. Fitzgerald, 186 Or. 301, 205 P.2d 549 (1949); Owen v. People, 118 Colo. 415, 195 P.2d 953 (1948); State v. Gorham, 87 Utah 86, 48 P.2d 447 (1935); cases collected in 37 C.J.S. Forgery § 80 (1943). There is, of course, no obligation on the defendant to offer proof of authority. The Government has the burden of proving all elements of the offense. Byrd v. United States, 119 U.S.App.D.C. 360, 342 F.2d 939 (1965).