**UNITED STATES of America**

v.

**Sylvester F. GAITHER, Appellant.**

**No. 23636.**

United States Court of Appeals, District of Columbia Circuit.

Feb. 12, 1971.

Petition for Rehearing Denied April 9, 1971.

Van Pelt, Senior District Judge, did not participate.

---

Mr. Edward L. Genn, Washington, D. C. (appointed by this court) was on the brief for appellant.

Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry and Brian W. Shaughnessy, Asst. U. S. Attys., were on the brief for appellee.

Before McGOWAN and LEVEN-THAL, Circuit Judges, and VAN PELT*, Senior United States District Judge for the District of Nebraska.

PER CURIAM:

Appellant was convicted by a jury of two counts of armed robbery (22 D.C. Code §§ 2901, 3202), two counts of assault with a dangerous weapon (22 D.C. Code § 502), and one count of carrying a dangerous weapon (22 D.C.Code § 3204).

On October 19, 1968, at approximately 12:30 p. m., two officers on patrol in their scout car received a radio dispatch informing them that a robbery was in progress at a nearby liquor store. The officers quickly drove to the store and, as they approached it, they observed appellant and two other men coming out of the front door. Their attention was drawn to appellant, who was wielding a pistol and carrying a large paper bag. Appellant and his two companions fled in opposite directions upon spotting the policemen. The officers went after appellant and noticed that, as he was running, he tossed the pistol and paper bag into a bush. They managed to catch appellant; and they retrieved the pistol and the paper bag, the latter containing $475 in cash. Appellant was immediately returned to the store where he was positively identified by the co-owners and by one of the customers who was present at the time of the robbery.

Appellant now raises a number of points, but we believe only a few merit extensive discussion.[1]

Appellant argues that the trial judge erred in denying his motion for a new trial, made eight days after conviction, on the ground of newly-discovered evidence. At sentencing, appellant submitted two affidavits by his co-defendants,[2] each of which proclaimed his innocence.

---

* Sitting by designation pursuant to Title 28, U.S. Code, Section 294(d) (1964).

1. Two of appellant's weaker claims were that the trial court erred by not holding that the on-the-scene showup was violative of the Fifth and Sixth Amendments, and by permitting appellant to be impeached by a prior conviction. However, the on-the-scene confrontation was well within the bounds of Russell v. United States, 133 U.S.App.D.C. 77, 80, 408 F.2d 1280 (1968), and contained no elements of suggestibility invalidating it under Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). As to the prior conviction, appellant did not meaningfully invoke the discretion of the trial court due to his failure to object. See Evans v. United States, 130 U.S.App. D.C. 114, 397 F.2d 675 (1968); Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949 (1966).

Appellant also raises two patently insubstantial arguments concerning instructions given the jury by the trial court. The first claim is that the trial court lost its right to rely on an aiding and abetting theory when it charged him as a principal in this matter. Section 105 of 22 D.C. Code makes clear that an aider and abettor is chargeable as a principal. See also Turberville v. United States, 112 U.S.App.D.C. 400, 303 F.2d 411, cert. denied, Williams v. United States, 370 U.S. 946, 82 S.Ct. 1596, 8 L.Ed.2d 813 (1962).

Appellant also finds error in the trial court's failure to give the mistaken identity instruction as he orally requested at trial. While it is true that the trial court failed to give the instruction on mistaken identity as was orally requested by appellant, there has never been a requirement that the trial court use appellant's exact language as long as the instruction is otherwise proper, which it is here. See, e. g., Carter v. United States, 138 U.S.App.D.C. 349, 427 F.2d 619 (1970).

2. Each of the co-defendants pleaded guilty to one count of robbery.

The trial judge held a hearing on this matter, and one of the co-defendants, upon being apprised of the penalty for perjury, refused to testify on the basis that his statement might incriminate him. The other co-defendant took the stand. He pointed out that, at the time he entered his plea of guilty, he had implicated appellant in the commission of this crime. However, he stated that he had lied at that time and that he was now suffering from pangs of conscience.

■■■ Rule 33, Fed.R.Crim.P., provides that "the court on motion of a defendant may grant a new trial to him if required in the interests of justice." When such a motion is based on newly-discovered evidence, it has been considered to be addressed to the sound discretion of the trial court. *See* United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946); Blackburn v. United States, 97 U.S.App.D.C. 62, 228 F.2d 33 (1955). Moreover, one of the guiding criteria by which the exercise of that discretion has been judged is the determination of whether the newly discovered evidence would lead to a different result in the case. *See* Thompson v. United States, 88 U.S.App.D.C. 235, 188 F.2d 652 (1951). Given the fact that appellant was practically caught in the commission of the crime, and given the strength of the identifications by the eyewitnesses, it is highly unlikely that the introduction of an exculpatory statement of this nature would change the result herein.

■■■ Appellant also argues that the trial court committed various errors in its instructions to the jury. He claims that the trial judge should not have informed the jury that they have a right to take into consideration the defendant's interest in the outcome of the case when he takes the stand. Without suggesting that the use of this instruction is a practice to be preferred, we note that it is a standard one,[3] and its propriety has been upheld on several occasions in this jurisdiction. *See* United States v. McCleary (No. 23,142, decided June 30, 1970) (without opinion); Fisher v. United States, 80 U.S.App.D.C. 96, 98, 149 F.2d 28, 30 (1945), aff'd, 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382 (1946).

In addition, appellant urges that the trial court misinformed the jury as to the meaning of specific intent by instructing them in the following manner:

> You may infer that a person ordinarily intends the natural and probable consequences of acts knowingly done or knowingly omitted.

> An act is done knowingly if done voluntarily and not because of mistake, inadvertence, or accident.

■■■ It is certainly true that the above is not a proper instruction on specific intent, although no objection was made to it at trial. It is also true that this court has placed great importance upon the manner in which a jury is instructed as to the elements of a crime. We have held that any omission of an element of a crime in the instructions to the jury is plain error under Rule 52(b) of the Fed.R.Crim.P. *See* Byrd v. United States, 119 U.S.App.D.C. 360, 342 F.2d 939 (1965); Jackson v. United States, 121 U.S.App.D.C. 160, 348 F.2d 772 (1965). However, upon viewing the trial court's charge in its entirety, it is quite clear that the trial court did not omit an instruction on specific intent. The instruction began in the following manner:

> To establish the fifth essential element of the offense, it is necessary that the property was so taken and carried away by the defendant without right to do so and with specific intent to steal it. * * *

3. *See* Junior Bar Section of D.C. Bar Ass'n, Criminal Jury Instruction for the District of Columbia, No. 23 (1966). Compare Instruction No. 11, which is the general instruction on the credibility of witnesses. It asserts that any witness is subject to appraisal in the light of his interest in the outcome, and does not single out the defendant for special mention.

Specific intent requires more than a mere general intent to engage in certain conduct or to do certain acts.

A person who knowingly does an act which the law forbids, intending with bad purpose either to disobey or disregard the law, may be found to act with specific intent.

The above portion of the instruction, then, was a standard instruction which is often given on specific intent.[4]

■ Appellant's final claim is that the Government erroneously exercised unsupervised discretion in deciding whether certain of its materials which were sought by appellant at the trial properly fell within the Jencks Act (18 U.S.C. § 3500). This court has held that it is the function of the trial judge to be the mediator in such disputes. *See* Saunders v. United States, 114 U.S. App.D.C. 345, 316 F.2d 346 (1963). However, the record discloses that the material in question was in fact turned over to the trial court by the Government for an independent determination of its relevance to the Jencks Act.

Affirmed.

VAN PELT, Senior District Judge, did not participate in the foregoing disposition.