**Samuel McINTYRE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 5869.

District of Columbia Court of Appeals.

Argued Oct. 12, 1971.

Decided Nov. 24, 1971.

Roy S. Lerman, Washington, D. C., appointed by this court, for appellant.

Harry J. McCarthy, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry and Kevin W. Carmody, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and KERN and REILLY, Associate Judges.

REILLY, Associate Judge:

Appellant was charged with assault [1] and possession of a prohibited weapon.[2] After waiving jury trial, he was found guilty on both counts and sentenced to concurrent terms of 180 days imprisonment. On appeal he contends that (1) the trial court was biased against him, and (2) erred by admitting into evidence a knife, the subject of the prohibited weapon's charge.

Appellant in this case is an unemployed 58-year-old man. The episode upon which this conviction was based stemmed from a visit he had made to a public elementary school, in the course of which he was accused of brandishing an open pocketknife in the reception room of the principal's office, threatening to kill one of the pupils, swinging his knife at two schoolboys in the corridor, and eventually at the school janitor when the latter was trying to evict him. In the ensuing scuffle, the janitor took the knife from him and subsequently turned it

1. D.C.Code 1967, § 22–504.

    Whoever unlawfully assaults, or threatens another in a menacing manner, shall be fined not more than five hundred dollars or be imprisoned not more than twelve months, or both.

2. *Id.,* § 22–3214(b).

    No person shall within the District of Columbia possess, with intent to use unlawfully against another, an imitation pistol, or a dagger, dirk, razor, stiletto, or knife with a blade longer than three inches, or other dangerous weapon.

over to the police officer, who ultimately arrested appellant on a warrant.

Testimony to this effect was given at the trial by the principal's secretary and the janitor. A knife, identified by the arresting officer as the one delivered to him by the complaining witnesses, was admitted into evidence over objection. On the stand, appellant testified that he had come to the school to make a complaint about a grievance of a young niece, a pupil there, but had kept the knife in his pocket.

On the issue of prejudice, appellant cites a number of exchanges between his counsel and the trial judge. Upon review, only one seems to merit consideration. This colloquy occurred during cross-examination by the defense of a prosecution witness. After an objection to a question had been sustained, appellant's counsel demanded to know the grounds of the objection. The trial judge, after ascertaining that counsel had "been around here" only a year, told him to proceed. Counsel did so and elicited an answer disclosing that on a previous occasion the defendant had come into the school and had made incoherent threats about "getting somebody." At this point, the transcript goes on—

Q. That was the first time he was there?

A. The second time he was there to my knowing. The time before that—

MR. CARMODY: Your Honor, I object to all of this. It is outside the scope of direct examination.

MR. LERMAN: I did not ask the—

THE COURT: No, if Counsel wants to introduce this matter, I think it is alright. If you would ask the question it

would be highly improper and he should object. If he wants to ask them, I suppose it is alright. Although it's a terrible tactic and not doing your client any good. The issue verges on incompetence, sir. I think you are giving your client an unfair break. Go ahead, and I will take that into consideration.

MR. LERMAN: Your Honor,—

THE COURT: Don't argue with me, sir.[3]

What this exchange reveals is that the trial judge was unnecessarily severe in his disparagement of an inexperienced lawyer's cross-examining technique.[4] His remarks, however, disclosed no prejudice against the defendant but rather the contrary, as he indicated that he would view the latter as unfairly hurt by unfavorable testimony beyond the power of the Government to bring out.

▮ Had there been a trial before a jury, this court might view this incident quite differently, for it is well recognized that judicial admonishment of counsel in the presence of jurors, unless it can be avoided, might well affect a jury verdict. Jackson v. United States, 117 U.S.App.D.C. 325, 326, 329 F.2d 893, 894 (1964).[5] In the circumstances here, however, the trial court's attitude toward counsel did not constitute prejudicial error. Rosen v. Sugarman, 357 F.2d 794 (2d Cir. 1966).

▮ Appellant's chief objection to the admission of the knife into evidence is that he was denied an opportunity to demonstrate in court by a measuring instrument that the blade was no longer than three inches and therefore did not come within the purview of the statute. Had the court

---

3. Record at 13.

4. Conceivably the trial judge was annoyed at counsel's seeming disregard of Lord Birkenhead's classic advice that on cross-examination, a barrister should never ask a question unless he knows the answer.

5. *But see* United States v. Ross, 321 F.2d 61, 66 n. 3 (2d Cir. 1963), cert. denied,

375 U.S. 894, 84 S.Ct. 170, 11 L.Ed.2d 123 (slighting references to defense counsel by court in jury trial not sufficiently prejudicial to warrant reversal, where Government's case was strong and the judge's comments did not reflect on defendant's case so much as on the way it was being handled).

merely relied on the estimate of the witness who identified the knife, the ruling preventing such demonstration might have been an abuse of discretion.   In this case the judge had an opportunity visually to inspect the exhibit, which is included in the record on appeal, and it appears that the blade in question exceeded the requisite length by a fraction of an inch.   Notwithstanding, appellant points out that the cutting edge of the blade measures less than three inches. This factor is obviously irrelevant to the statutory definition of a "dangerous weapon" for in the hands of a knife-wielder a thrust as well as a slash could have lethal consequences.

Affirmed.