**Rolena HALL, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 11413.**

District of Columbia Court of Appeals.

Argued Jan. 4, 1978.

Decided March 15, 1978.

Robert F. Muse, Public Defender Service, for appellant. Frederick H. Weisberg, Public Defender Service, Washington, D. C., entered an appearance for appellant.

William J. Cassidy, Jr., Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry, and Regina C. McGranery, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, GALLAGHER and YEAGLEY, Associate Judges.

KELLY, Associate Judge:

Appellant was convicted of one count of larceny after trust (D.C.Code 1973, § 22–2203), twelve counts of forgery (D.C.Code 1973, § 22–1401), and twelve counts of uttering (D.C.Code 1973, § 22–1401).[1] She alleges on appeal that the trial court erred (1) in commenting on the evidence during its jury charge; (2) in failing to instruct the jury that lack of authority is an element of forgery and uttering; and (3) in denying a motion for judgment of acquittal as to one count of the indictment.

I

The government's evidence was that on August 20, 1975, appellant, while working at the Sears, Roebuck and Company department store located on Wisconsin Avenue, N.W., received and did not return a credit card belonging to Jacob White which was then being used by his wife.[2] On twelve different occasions thereafter, appellant used the White credit card to purchase items at another Sears store located on Bladensburg Road, N.E. She signed the corresponding sales slips by forging the name of "Jacob White" or "Mrs. Jacob White". On September 11, a credit card fraud investigator for Sears interviewed a saleswoman from the Bladensburg store and drove her to the Wisconsin Avenue store. The saleswoman identified appellant as the user of the White credit card. On September 16, the investigator and a Metropolitan Police detective arrested appellant.[3] A handwriting expert testified that the similarity between the signatures on the twelve sales receipts and appellant's

1. The trial court suspended the imposition of sentence and placed appellant on probation for five years.

2. Mrs. White remembered that she had last seen the credit card, which was the basis for the larceny after trust count of the indictment, on top of the cash register at Sears on August 20. She testified that she had not given anyone permission to use the card after August 20. The employee identification number on the

sales receipt for complainant's August 20 purchase was stipulated as appellant's employee number.

3. In appellant's purse, the arresting authorities found a wallet-key case-cigarette case combination matching the description of one purchased by use of the White credit card by a woman matching appellant's description.

signature meant that appellant "probably"[4] wrote the signature on the receipts.

Appellant denied both retaining complainant's credit card, insisting that she had returned it to the customer, and signing any of the twelve sales receipts in question. She also testified that she had never been to Sears' Bladensburg store and that the wallet set in her purse was a gift from her parents. Three character witnesses testified that appellant's reputation for truth and veracity was good.

On rebuttal, the government called two Sears' employees. One testified to seeing one of appellant's character witnesses in the company of the woman representing herself to be Mrs. Jacob White. The other testified that the tire sale he had made to the purported Mrs. Jacob White fit the type of automobile owned by appellant. In addition, he had written the make and model of the purchaser's car on the sales receipt, a make and model which matched that of appellant's automobile.

## II

■ Since both of appellant's claims of instructional error are raised for the first time on appeal,[5] we review only for plain

error, *Watts v. United States*, D.C.App., 362 A.2d 706 (1976) (en banc), and under the *Watts* standard the asserted errors require reversal if they clearly prejudice substantial rights to an extent which jeopardizes the very fairness and integrity of the trial. *Id.* at 709. We conclude that neither claim constitutes plain error.[6]

The first instructional error alleged is that the trial court impermissibly commented on the evidence during its charge to the jury.[7] It is argued that the effect of these remarks was to remove from the jury the issue of whether the alleged crimes had been committed and to direct a guilty verdict as to the elements of forgery and uttering. We disagree.

■ It is well established that a trial judge may comment upon the evidence in a criminal case so long as the ultimate resolution of factual issues is clearly left to the jury. *See, e. g., Jones v. United States*, 124 U.S.App.D.C. 83, 86, 361 F.2d 537, 540 (1966); *Roberts v. United States*, 109 U.S. App.D.C. 75, 77, 284 F.2d 209, 211 (1960), *cert. denied*, 368 U.S. 863, 82 S.Ct. 109, 7 L.Ed.2d 60 (1961). In addition, where a comment is supported by uncontradicted evidence, and the jury is told that matters of

---

**4.** The expert explained that "probable" translates into 65 percent and leaning heavily toward identification. He also testified that all the slips were signed by the same person—a person other than Mr. or Mrs. White.

**5.** Defense counsel made no objection to any of the trial court's instructions. Indeed, counsel specifically stated that he was satisfied with the instructions.

**6.** In discussing the issue of plain error in jury instructions, the Supreme Court recently stated: "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977).

**7.** The instruction read, in pertinent part:

Now, in any criminal trial, the government has to prove two general classes of things. It has to prove, number one, that a crime was committed by someone. That is the first class of things that the government has to prove, that a crime was, in fact, committed by someone. The second class of things that

the government has got to prove is who did it—the identity of the perpetrator.

With respect to the forgeries and utterings, as I heard the evidence, and as I understand the defendant, there is not much squabble between the government and the defense with respect to the forgeries and the utterings, that the crime was committed by someone. The evidence is not disputed, as I understand it, but that the charge slips covered in this indictment were not, in fact, signed by Mr. and Mrs. Jacob White, nor did they authorize anybody to charge those items on their behalf. So as I understand the evidence there is not much dispute but that the forgery and uttering counts are crimes that were committed by someone.

\* \* \* \* \* \*

Now, on the second through twenty-fifth counts, as I understand the evidence there is no meaningful dispute but that forgeries and utterings were committed by someone. The question is who did it. The burden is on the government to prove the identity of the perpetrator beyond a reasonable doubt.

fact are to be determined by them, no harm results. *Quercia v. United States*, 289 U.S. 466, 53 S.Ct. 698, 77 L.Ed. 1321 (1933). *Accord, United States v. Dixon*, 152 U.S.App. D.C. 200, 202 n.4, 469 F.2d 940, 942 n.4 (1972). A trial judge may guide or assist the jury in its consideration of the evidence, and in exceptional cases may express an opinion of the evidence or a phase thereof. *Billeci v. United States*, 87 U.S.App.D.C. 274, 282, 184 F.2d 394, 402 (1950). If the probable effect of a trial judge's comment is to overcome the will of the jury and to substitute the court's views for that of the jury, the comment becomes prejudicial error. *Prezzi v. United States*, D.C.Mun.App., 62 A.2d 196, 200 (1948). And the prejudicial effect of such error cannot be erased by an admonition to the jurors that they are not bound by the judge's opinion. *Quercia v. United States, supra.*

■ In the instant case the trial court told the jury that there was no significant disagreement that twelve incidents of forgery and uttering had occurred. These comments immediately preceded the identification instructions to the jury, were clearly delineated as the court's opinion of the evidence as he saw it, and were part of a full panoply of adequate instructions to guide the jury's deliberations.[8] The remarks were directed at focusing the jury's attention on the only disputed issue at trial: the identity of the forger and utterer.[9]

■ Appellant's argument that the trial court's remarks effectively, and impermissibly, withdrew from the jury the issue of whether the crimes charged had in fact been committed, thereby denying her the right to trial by jury, is not without support.[10] The practice of commenting to the jury on the evidence adduced at trial is ". . . at best, fraught with unnecessary perils to efficient and economical judicial administration . . .." *Jones v. United States, supra*, 124 U.S.App.D.C. at 86, 361 F.2d at 540. It has been said:

> The difference between assisting the jury, which is a duty of a federal judge, and encroaching upon its responsibilities, which is forbidden, has been developed at great length many times, as we have pointed out. When a federal judge comments upon evidence by expressing his opinion upon phases of it, he is treading close to the line which divides proper judicial action from the field which is exclusively the jury's. Therefore he must make it unequivocally clear to the jurors that conclusions upon such matters are theirs, not his, to make; and he must do so in such manner and at such time that the jury will not be left in doubt; references in some remote or obscure portion of a long charge will not suffice for the purpose. [*Billeci v. United States, supra* 87 U.S.App.D.C. at 283, 184 F.2d at 403.]

While we view the trial court's remarks in this case as treading close to the line, we nevertheless conclude that, in context, they did not constitute plain error.

Appellant's second instructional contention is that the trial court erred in failing to advise the jury that when one is charged

---

8. The propriety of the trial court's instructions must be determined from the whole of the charge, rather than through the scrutiny of isolated sentences or passages. *See, e. g., Charles v. United States*, D.C.App., 371 A.2d 404, 408 (1977); *Johnson v. United States*, D.C. App., 360 A.2d 502, 505 (1976). Here the instructions to the jury included the following: (1) that the jury's recollection of the evidence must control their decision; (2) that the government bore the burden of proof beyond a reasonable doubt as to every element of the offenses charged; (3) that the jury was the sole judge of the credibility of witnesses; (4) that there were specific elements of the offenses which the government had to prove beyond a reasonable doubt; (5) that the charged offenses

required proof of specific intent; and (6) that the government had to prove the identity of the perpetrator of the forgeries and utterings and the larceny after trust.

9. Appellant's counsel stated in closing argument that the White credit card was stolen (not wrongfully converted) and that someone other than appellant picked up that card and committed the offenses charged herein.

10. *See, e. g., United States v. Hayward*, 136 U.S.App.D.C. 300, 420 F.2d 142 (1969); *Byrd v. United States*, 119 U.S.App.D.C. 360, 342 F.2d 939 (1965); *Hardy v. United States*, 118 U.S. App.D.C. 253, 335 F.2d 288 (1964).

with forging the name of a real or existing person, lack of authority is an element of forgery and uttering. While the government agrees that "lack of authority" should be read into both forgery and uttering instructions, it argues that in the instant case the error was harmless.

■ The essential elements of the crime of forgery are: (1) a false making or other alteration of some instrument in writing; (2) a fraudulent intent; and (3) the instrument must be apparently capable of effecting a fraud. *Frisby v. United States*, 38 App.D.C. 22, 26 (1912). In addition, the court in *United States v. Gilbert*, 140 U.S. App.D.C. 66, 67, 433 F.2d 1172, 1173 (1970), held that whether lack of authority is considered a separate element of the offense of forgery or a part of the element of falsity, the jury must be advised that without proof of it the prosecution may not succeed. Because of the overwhelming evidence against Gilbert, the court found the error harmless. Similarly, in our case, the circumstantial evidence against appellant was strong and the lack of authority was clear from the record. Accordingly, we deem the error to be harmless.

### III

Appellant contends, finally, that it was error to deny her motion for judgment of acquittal as to the count of the indictment which charged her with passing and uttering a forged sales receipt to one Deborah Bradford because Bradford did not testify at trial.

■ In ruling on a motion for judgment of acquittal, the court must assume the truth of the government's evidence and give the government the benefit of all reasonable inferences. *See, e. g., Calhoun v. United States*, D.C.App., 369 A.2d 605, 607 (1977); *Chaconas v. United States*, D.C. App., 326 A.2d 792, 797 (1974); *United States v. Lumpkin*, 145 U.S.App.D.C. 162, 168, 448 F.2d 1085, 1091 (1971); *Crawford v. United States*, 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967); *Curley v. United States*, 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). In the instant case, there was evidence that an uttering had occurred, placing appellant on the scene of the uttering.[11] The evidence was sufficient to withstand a motion for judgment of acquittal; consequently, the trial court's ruling will remain undisturbed.

*Affirmed.*

■

11. In *Hymes v. United States*, D.C.App., 260 A.2d 679, 680 (1970), a false pretense case, this court concluded that direct testimony of the underlying sales transaction was not necessary to prove the occurrence of the transaction reflected in a credit card sales receipt. In *Long v. United States*, D.C.App., 298 A.2d 213 (1972), a forgery and uttering case, this court reaffirmed that the essential elements of the offense could be inferred from circumstantial evidence.