Norman E. MINOR, and Robert A. Perry, Appellants,

v.

UNITED STATES, Appellee.

Nos. 82–1059, 82–1209.

District of Columbia Court of Appeals.

Argued Feb. 7, 1984.

Decided May 17, 1984.

Susan L. Schneider, Public Defender Service, Washington, D.C., with whom James Klein, Public Defender Service, Washington, D.C., was on the brief, for appellant Minor.

Ronald A. Goodbread, Washington, D.C., appointed by this court, for appellant Perry.

Mary Ellen Abrecht, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before NEBEKER, MACK and ROGERS, Associate Judges.

NEBEKER, Associate Judge:

At their joint trial, the appellants were both charged with second-degree burglary, D.C.Code § 22–1801(b) (1981), grand larceny, *id.* § 22–2201, and receiving stolen property, *id.* § 22–2205. The jury found them guilty of only the latter offense. Appellants now challenge their convictions on the grounds of insufficiency of evidence as to the value of the property stolen and error in the trial court's partial directed verdict. We conclude that the partial directed verdict of the criminal charges was reversible error. *See id.* § 11–721(e). Accordingly, we reverse and remand for a new trial.

I

On April 28, 1982, the Connecticut Avenue offices of Barnes, Morris and Pardoe, a realtor, were burglarized. Numerous items, later identified by employees and officers of the realtor, were taken at that time, including a brass dish, a transcriber, a postage machine, several adding machines and calculators, a camera, a radio and an electric razor.

Shortly after 8:00 p.m. on April 28, as they were walking northbound on Sixth Street, N.W., appellants were seen by police. According to police testimony, after appellants saw the police but before the two groups actually encountered, each appellant dropped a bag that he had been carrying and began to walk away from the bags and the police. Police then stopped appellants, picked up the bags and questioned appellants regarding the contents of the bags and their behavior. Not aware at that time of any reported burglary, the officers noted appellants' identifications, released them, but took the bags into custody. The contents of the bags were later identified as the items stolen from Barnes, Morris and Pardoe, and appellants were arrested.

At trial, testimony from employees and officers of the real estate firm established the purchase price, purchase date and present condition of each item of stolen property. The government, however, did not introduce into evidence expert appraisals of the present value of the goods at the time of the burglary. In its instructions concerning the $100 value requirement for larceny and for receipt of stolen goods, the court stated to the jury:

> [A]s a matter of law, I find that the property had such value. [Transcript, June 15, 1982 at 262 (in reference to the larceny charge).]
>
> \*   \*   \*   \*   \*   \*
>
> [A]s a matter of law, I find that the value is in excess of $100.00. [*Id.* at 263 (in reference to the receipt of stolen goods charge).]

No objection was raised with regard to the instructions. The court did not further charge the jury so as to put the factfinding responsibility regarding value back in the jury's hands.

## II

Appellants argue that the partial directed verdicts violated their constitutional right to trial by jury. They are correct.

■ We have no difficulty adhering to the general proposition that "verdicts may not be directed against defendants in criminal cases," *Sandstrom v. Montana,* 442 U.S. 510, 516, n. 5, 99 S.Ct. 2450, 2455, n. 5, 61 L.Ed.2d 39 (1979), nor to the application of the maxim to this case. The proscription regarding directed verdicts in criminal proceedings has been made applicable where evidentiary presumption, *Sandstrom v. Montana, supra; United States v. Martin Linen Supply,* 430 U.S. 564, 572–73, 97 S.Ct. 1349, 1355, 51 L.Ed.2d 642 (1976), and where instructions to the jury, *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed.2d 288 (1952); *United Brotherhood of Carpenters v. United States,* 330 U.S. 395, 408–09 n. 19, 67 S.Ct. 775, 782, n. 19, 91 L.Ed.2d 973 (1946), have had the effect of directing the verdict. Here, the directive from the bench took the valuation determination out of the jury's hands, and as such, constituted a directed verdict. C. WRIGHT, LAW OF FEDERAL COURTS at 463–64 (1976 ed.) (defining a directed verdict).

■ Just as a directed criminal verdict is proscribed, so a partial directed verdict, regarding an essential element of the crime, is similarly prohibited. Here, the value element of the crimes charged was removed from the jury's province. However, after *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), there should be no doubt that each element of a crime must be proven, to the jury, beyond a reasonable doubt, by the government. *Id.; Morissette, supra,* 342 U.S. at 274, 72 S.Ct. at 255; *see Mims v. United States,* 375 F.2d 135, 148 (5th Cir. 1967).

> Jurors may be perverse; the ends of justice may be defeated by unrighteous verdicts but so long as the functions of the judge and jury are distinct, the one responding to the law and the other to the facts, neither can invade the province of the other without destroying the significance of trial by court and jury.

*Morissette, supra,* 342 U.S. at 274, 72 S.Ct. at 255 (citation omitted).

The last question of moment is whether these partial directed criminal verdicts constitute harmless error under *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We conclude there is no harmless error. Depriving a defendant of a jury determination concerning an essential element of a crime charged is not an error "so unimportant and insignificant that [it] may, consistent with the Federal Constitution, be deemed harmless, not requiring automatic reversal of the conviction." *Id.* at 22, 87 S.Ct. at 827. *Cf. United Brotherhood of Carpenters v. United States, supra,* 330 U.S. at 409, 67 S.Ct. at 783 (instructional error found not to be harmless); *United States ex rel. Toth v. Quarles,* 350 U.S. 11, 16, 76 S.Ct. 1, 5, 100 L.Ed.2d 8 (1955) ("This right of trial by jury ranks very high in our catalogue of constitutional safeguards."). (Footnote omitted.)

We wish to point out what we see are the limits of our decision. Here, we are faced with statements from the bench during instructions which are unambiguously directed verdicts on an essential element of the crime; it is not a comment by the court on the evidence, *e.g., Hall v. United States,* 383 A.2d 1086 (D.C.1978), or an instructional error, *e.g., Watts v. United States,* 362 A.2d 706 (D.C.1976) (en banc) (jury nullification instruction); *Belton v. United States,* 127 U.S.App.D.C. 201, 382 F.2d 150 (1967).

## III

■ As to the question of the sufficiency of the evidence regarding valuation, we conclude that there was sufficient record evidence to allow the question to go to the jury. *Crawford v. United States,* 126 U.S.App.D.C. 156, 158, 375 F.2d 332, 334 (1967); *Curley v. United States,* 81 U.S.App.D.C. 389, 392, 160 F.2d 229, 232, *cert. denied,*

331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed.2d 1850 (1947). Testimony from various owners, *Comber v. United States*, 398 A.2d 25, 26 (D.C.1979), was introduced regarding more than one dozen items; the sum of the total purchase prices well exceeded $1,000. And over one-half of the items were less than one year old. We are satisfied that sufficient evidence was introduced to create a jury question. *Johnson v. United States*, 387 A.2d 1108, 1112 (D.C.1978).

In view of our holding of non-harmless constitutional error regarding the partial directed verdicts, but of no error regarding the weight of the evidence, we reverse the conviction and remand for a new trial.

*Reversed and remanded.*