**Valentine TORRES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 72-2320.**

United States Court of Appeals, Ninth Circuit.

Nov. 13, 1972.

---

Valentine Torres, in pro. per.

Harry D. Steward, U. S. Atty., San Diego, Cal., for respondent-appellee.

Before MERRILL, CHOY and WALLACE, Circuit Judges.

PER CURIAM:

Torres was found guilty of smuggling narcotics in violation of 21 U.S.C. § 176a and on April 13, 1971 he was sentenced to five years imprisonment. He is now in custody under that sentence.

On February 18, 1972, Torres filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The district court denied the motion without a hearing and this appeal followed.

Torres contends that he was deprived of his right to appeal by the failure of appointed counsel to file notice of appeal and properly prosecute his appeal. He also contends that there were evidentiary errors committed at his trial.

At the time of sentencing, petitioner was represented by the trial attorney of record, but the judge failed to inform Torres of his right to appeal. Shortly thereafter, on the same morning, Torres was recalled to the same courtroom. His appointed counsel was absent but the court advised Torres of his right to appeal within ten days at government expense and that the clerk would enter a notice of appeal if he wished. At that time another attorney who was associated with petitioner's trial attorney assured Torres and the court that he would tell the trial attorney to talk to Torres about the possibility of an appeal. No request for the appointment of appellate counsel was ever made and no notice of appeal ever filed.

The requirements of F.R.Cr.P. 32(a)(2) were met by the sentencing judge. Torres was aware of his right to appeal at government expense and that he had ten days to do so. He concedes this but contends that he did not file notice of an appeal because he assumed that his trial attorney was handling the matter. Yet he waited over five months before he even made any effort to inquire about the status of his appeal. The failure to file a timely appeal was caused by petitioner's own inactivity. There was a knowing waiver of the right to appeal.

The contention that there were evidentiary errors is a bald legal conclusion unsupported by factual allegations. Such claims need not be considered on a motion to vacate. Eaton v. United States, 384 F.2d 235 (9th Cir. 1967). Additionally, trial defects which should have been raised on a direct appeal should not be considered in collateral proceedings. Evans v. Mitchell, 458 F.2d 993 (9th Cir. 1972). Torres cannot now bootstrap himself into the appeal that he waived by his earlier inactivity.

Affirmed.