Vernon Percy HOWARD,
Petitioner-Appellant,

v.

L. E. DAGGETT, Warden,
Respondent-Appellee.

No. 73–2036A.

United States Court of Appeals,
Ninth Circuit.

Sept. 8, 1975.

Rehearing Denied Jan. 28, 1976.

Vernon Percy Howard, in pro per.

G. Kent Edwards, U. S. Atty., Anchorage, Alaska, for respondent-appellee.

OPINION

Before BROWNING, ELY and GOODWIN, Circuit Judges.

PER CURIAM:

Vernon Percy Howard appealed the denial of his petition under 28 U.S.C. § 2255 challenging alleged error in the instruction of the jury in his trial under

18 U.S.C. § 1952 for interstate travel in aid of prostitution. The district court denied relief on the ground that the disputed instruction correctly stated the elements of an offense under 18 U.S.C. § 1952 and did not constitute an amendment of the indictment, but that in any event appellant had waived any objection to the instruction by not raising the issue on his direct appeal to this court, reported in *United States v. Howard*, 452 F.2d 1200 (9th Cir. 1971).

■ Since the alleged defect was of constitutional dimension (and no statute or Rule provided for waiver), it could be raised in a section 2255 action unless there had been a deliberate bypass of direct review as a means of raising the issue. *Davis v. United States*, 411 U.S. 223, 239–40, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); *Kaufman v. United States*, 394 U.S. 217, 220 n. 3, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); *Fay v. Noia*, 372 U.S. 391, 438–39, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).[1] We therefore vacated the order of the district court and remanded for a determination as to whether appellant had deliberately bypassed available remedies when he failed to raise his claim on appeal, and whether appellant had effective assistance of counsel on appeal. The district court concluded there had been no deliberate bypass and that appellant was adequately represented by counsel. Since appellant's whereabouts were unknown to the district court, the court filed a notice of appeal to protect appellant's right of appeal. The filing of the notice of appeal conferred jurisdiction on this court. *G & M, Inc. v. Newbern*, 488 F.2d 742, 746 (9th Cir. 1973), *citing* 9 Moore's Federal Practice ¶ 203.11, at 734. We turn to the merits of appellant's constitutional issue.

■ Count III of the indictment charged:

That on or about May, 1967, Vernon Percy Howard did knowingly and wilfully travel in interstate commerce for the purpose of promoting an unlawful activity, to-wit: prostitution, in that the said Vernon Percy Howard did induce Lucretia Yvonne South and Dolores Nelson to engage in prostitution for the said Vernon Percy Howard, all in violation of Title 18, United States Code, Section 1952.

The trial court instructed the jury:

The essential elements required to be proved beyond a reasonable doubt in order to establish the offense charged in Count III of the indictment are:

First: that on or about May of 1967, the defendant Vernon Percy Howard knowingly traveled in interstate commerce; and

Second: with the intent to or purpose to promote an unlawful activity, to-wit: prostitution; and

Third: that thereafter the defendant performed or attempted to perform an act or acts to promote or facilitate the promotion of an "unlawful activity" as that term is defined in the preceding instruction; and

Fourth: that there was a relationship between the defendant's travel from one state to another and the "unlawful activity."

In the course of its deliberations, the jury sent the following note to the judge:

1. General language suggesting that "section 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction, *United States v. Marchese*, 341 F.2d 782, 789 (9th Cir. 1965), cert. den. 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64; or stated another way, grounds which were apparent when appellant appealed from his conviction cannot, thereafter, be made the basis for an attack on a motion to set aside judgment and sentence" (*Hammond v. United States*, 408 F.2d 481, 483 (9th Cir. 1969); *see also Torres v. United States*, 469 F.2d 651 (9th Cir. 1972); *Evans v. Mitchell*, 458 F.2d 993 (9th Cir. 1972); *United States v. Rocha*, 458 F.2d 441 (9th Cir. 1972); *Battaglia v. United States*, 428 F.2d 957 (9th Cir. 1970)) must be read in the light of the Supreme Court cases cited in the text holding that a defendant is not barred from collateral relief unless he knowingly waived his right to raise the constitutional issue on direct review for tactical or other reasons, absent a provision for waiver in a statute or Rule.

Do we rule on count 3 on the basis of what is on the actual indictment or on what the judge has written (on page 28) concerning the four essential elements of count 3? Are they one and the same or has one more weight than the other?

The evidence admitted at trial had dealt with appellant's relationships with several women in addition to the two named in the indictment, and it is clear on the record that both court and counsel thought the jury's confusion arose from the fact that the indictment alleged that appellant had induced two specifically identified women, while the instructions did not. After discussion with counsel, the court responded with a supplemental instruction informing the jury that if there was language in the indictment that was not in the instruction, the jury was to consider the additional language in the indictment to be surplusage and disregard it.[2] The effect of the supplemental instruction was to permit the jury to convict appellant on the basis of evidence introduced at trial regarding women other than the two named in the indictment.

The grand jury might have indicted appellant in a general allegation, without specifying the women to whom his alleged illegal acts or purposes related. But it did not do so. To allow the jury to consider the evidence respecting the other alleged prostitutes was to allow the jury to convict of a charge not brought by the grand jury. The supplemental instruction constituted an impermissible amendment of the indictment that "destroyed the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." *Stirone v. United States*, 361 U.S. 212, 217, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960).

Reversed.

### ORDER

Respondent's petition for rehearing is denied.

■ After reviewing the transcripts of the hearing held in the district court March 4, 1975, and the court's subsequent oral decision, we conclude that the district court's finding that there was no deliberate bypass is not clearly erroneous. Petitioner urged his attorneys to raise on direct review questions stemming from the supplementary instruction. Petitioner apparently did not see the brief prepared by his attorney for the direct review proceeding until long after it had been filed. Thus, the record does not establish that petitioner himself knowingly waived direct review of the specific constitutional challenge raised in this proceeding. *See Kaufman v. United States*, 394 U.S. 217, 227 n. 8, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); *Fay v. Noia*, 372 U.S. 391, 438–39, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

---

**2.** The supplemental instruction read:

Ladies and Gentlemen of the Jury:

In response to the attached note dated December 4, 1970 at 10:15 a. m., you are instructed as follows:

As you were previously instructed, the sole purpose of permitting you to take the indictment with you to the jury room was for the purpose of informing you more fully of the precise nature of the charges made by the Government against the defendant.

The court's instruction No. 27 generally defines the offense charged in Count III of the indictment.

The court's instruction No. 28 sets forth the essential elements required to be proved beyond a reasonable doubt in order to establish the offense charged therein. As previously instructed, it is your duty to follow the court's instructions even though you in your own mind may believe the law should be different. If you find language or wording in the indictment that is not contained in the statement of essential elements contained in Instruction No. 28, you may consider the additional language in the indictment mere surplusage and the same may be disregarded by you.

If this reply does not adequately answer your question, will you please send another note.

You are instructed not to place undue emphasis on this supplemental instruction but you are to consider the same as any other instruction and to consider it together with all other instructions given in the case.