UNITED STATES of America, Appellee,

v.

**Melvin McMILLIAN, Appellant.**

UNITED STATES of America, Appellee,

v.

**Donald Jay CUBEAN, Appellant.**

**Nos. 75–1900 and 75–1905.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1976.

Decided May 13, 1976.

Rehearing and Rehearing En Banc Denied on June 7 and June 16, 1976.

---

Michael H. Irvine, Cedar Rapids, Iowa, for appellants.

Alan H. Kirshen, Asst. U. S. Atty., Evan L. Hultman, U. S. Atty., Sioux City, Iowa, for appellee.

Before LAY, ROSS and STEPHENSON, Circuit Judges.

LAY, Circuit Judge.

Donald Jay Cubean and Melvin McMillian appeal from their convictions for robbery of the Rath Employees Credit Union in Waterloo, Iowa. The jury found both defendants guilty of three counts of violating the Fed-

eral Bank Robbery Act, 18 U.S.C. § 2113(a), (b) and (d); one count of using a firearm in the commission of a felony, 18 U.S.C. § 924(c); and one count of conspiracy to commit the offenses in violation of 18 U.S.C. § 371. Defendant Cubean was also convicted of interstate transportation of stolen property under 18 U.S.C. § 2314.

The evidence established that Cubean, McMillian and John Gaines, an accomplice who testified for the government, entered the credit union, pistol whipped at least one of the employees and took cash and travelers checks from the office. At trial, the government called nine witnesses who were in the bank at the time of the robbery, seven of whom identified either Cubean or McMillian or both as the robbers. The government offered to call other eyewitnesses, but the trial court determined that their testimony was unnecessary since they could not identify the defendants. The court ordered the defense not to comment in final argument on the government's failure to put all the eyewitnesses on the stand. Both defendants took the stand and denied participating in the robbery.

▮ On appeal, defendants urge that the trial court erred in: 1) denying a motion for pretrial production of the names and addresses of eyewitnesses and information on their ability to identify the defendants at a lineup; 2) denying a motion at trial for a list of eyewitnesses who were unable to make a positive identification; 3) ordering the defense not to comment in final argument on the government's failure to call all the witnesses; 4) admitting evidence of other crimes; and 5) failing to dismiss for insufficient evidence.[1]

*The Brady Issue.*

Eight days before trial, defendants moved, under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), for production of the names and addresses of lineup participants, a photograph of the lineup, the names and addresses of the witnesses, and information on whether the witnesses were able to make positive identifications. The trial court did not rule on this motion before trial. After the first government witness testified at trial, the government gave the defendants the Jencks Act statements of the witnesses it was prepared to call. When the district court later instructed the government not to call the last five of those witnesses, the defense requested a name and address list of the witnesses not yet called. This motion was denied.

The defendants rely on *Evans v. Janing*, 489 F.2d 470, 477 (8th Cir. 1973), in which this court recognized that the inability of a witness to make any identification would be useful to a defendant. They urge that it was error not to require the government to produce the names of all persons who viewed the lineup, including those persons who were unable to identify either defendant.

▮ In view of the government's disclosure of the names and statements of these witnesses at trial, we are unable to understand how the trial court's ruling prejudiced the defendants. Defendants urge that they were prejudiced by being given this information *during* rather than *before* trial. However, the defendants did not seek a continuance to interview these witnesses and no order of the court prevented *defendants* from subpoenaing the witnesses and

---

1. In a supplemental *pro se* brief, the defendants also argue that Congress lacked constitutional authority to enact the statutes under which they were convicted. Defendants' contentions are without merit. The constitutionality of 18 U.S.C. § 2113 was upheld in *Toles v. United States*, 308 F.2d 590, 594 (9th Cir. 1962), *cert. denied*, 375 U.S. 836, 84 S.Ct. 79, 11 L.Ed.2d 66 (1963). The constitutionality of the predecessor of 18 U.S.C. § 371 was upheld in *Cullen v. Escola*, 9 Cir., 21 F.2d 877 (1927). *Russell v. United States*, 119 F.2d 686, 688 (8th Cir. 1941),

upheld the constitutionality of the predecessor to 18 U.S.C. § 2314. We similarly find the defendants' argument that 18 U.S.C. § 924(c) is not within the scope of Congress' power to regulate interstate commerce and therefore reserved to the states by the Tenth Amendment, unpersuasive. *See United States v. Cabbler*, 429 F.2d 577, 578 (4th Cir.), *cert. denied*, 400 U.S. 901, 91 S.Ct. 138, 27 L.Ed.2d 138 (1970); *Russell v. United States*, 119 F.2d 686, 688 (8th Cir. 1941).

calling them to testify. Furthermore, after trial, there was no attempt to interview the witnesses to learn whether they possessed any evidence which might otherwise be considered helpful to the defense on motion for a new trial. We conclude that defendants have made no showing of prejudice. *Cf. United States v. Webster,* 490 F.2d 435, 437–38 (8th Cir. 1974).

▇ Defendants' basic complaint appears to be that the district court prevented them from arguing that the government's failure to call the eyewitnesses raises an inference that their testimony would have been unfavorable to the government's case. The difficulty with this argument, as the government points out, is that these witnesses were as available to the defendants as they were to the government.[2]

*Other Crimes Evidence.*

At trial, the government was permitted to use evidence of two other crimes, one as substantive evidence and the other for impeachment of Cubean. First, accomplice John Gaines testified over defendants' objections that Cubean, Gaines and an individual named Fletcher robbed the Annis Petroleum company during the week prior to the Rath Credit Union Robbery. Gaines described that robbery and stated that Cubean had asked him to participate in the Rath robbery. Gaines said that he initially declined, and then Cubean went to Kansas City to get McMillian to help him commit the Rath robbery. Later Gaines agreed to join them.

▇ It is well settled that evidence of other criminal conduct is inadmissible unless it is relevant to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed.R.Evid. 404(b). *See also United States v. Bledsoe,* 531 F.2d 888 (8th Cir., Filed Feb. 24, 1976); *United States v. Conley,* 523 F.2d 650, 653 (8th Cir. 1975); *United States v. Cochran,* 475 F.2d 1080, 1082 (8th Cir.), *cert. denied,* 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973). Such evidence may be admitted only if

> (1) an issue on which other crime evidence may be received is raised; (2) . . . the proffered evidence is relevant to that issue; (3) . . . the evidence is clear and convincing; and (4) . . . the probative worth outweighs the probable prejudicial impact.

*United States v. Conley,* 523 F.2d 650, 653–54 (8th Cir. 1975).

The "other crime" must also "involve an offense similar in kind and reasonably close in time to the charge at trial." *United States v. Clemons,* 503 F.2d 486, 489 (8th Cir. 1974).

Here, the government urges that the evidence was relevant to identity, since Cubean participated in both robberies and the same gun was used in both robberies. The government urges that the evidence was relevant to show how McMillian became involved. The trial court instructed the jury that the testimony was being offered for limited purposes:

> THE COURT: Members of the jury, at this time I would instruct you that this witness may testify to another crime, or similar offense, and that is not charged in the indictment in this case, and the testimony of this witness is admitted solely for the limited purpose as it might have some bearing on the intent of the defendants or either of them, the existence of a common plan or scheme and the issue of identity of the defendant and it shall be

---

**2.** The transcript shows a colloquy between the court and Mr. Glaza (who did not argue the case on appeal) representing the defendant Cubean:

> THE COURT: You are not commenting whether or not you would argue this point?
> MR. GLAZA: I usually don't argue that point anyway, so I would not—I would not argue the point. I am not running the other defense.

Transcript at 212.

McMillian's counsel, who represented both defendants on appeal, did preserve his objection. However, once these witnesses and their statements were disclosed, the defendants had an equal opportunity to subpoena them and call them to testify.

considered by you for no other purposes than that I have instructed you at this time about.

Transcript at 231.

█ Reversal is commanded only when it is clear that the evidence has no bearing on the issues involved, *United States v. Cochran,* 475 F.2d 1080, 1082 (8th Cir.), *cert. denied,* 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973). Here, it cannot be said that the evidence has no bearing on the issues. Thus, admission of this evidence was proper as to defendant Cubean. The evidence should not have been admitted against defendant McMillian, since he was not involved in the first robbery and evidently had nothing to do with it. However, in view of McMillian's failure to request a separate instruction, a mistrial or severance, he has no standing to now complain. Furthermore, it is difficult on the present record to say that such evidence was prejudicial to him.

█ A second prior crime was introduced to impeach defendant Cubean. Cubean denied participating in the robbery and controverted all of the testimony concerning his exchange of the traveler's checks for cash. On cross-examination the government introduced for purposes of impeachment Cubean's 1971 conviction for robbery in the state of Washington. Under the circumstances, use of Cubean's prior conviction was proper under Fed.R.Evid. 609.

*Sufficiency of the Evidence.*

█ The record reveals overwhelming evidence of the defendants' participation in a brutal crime.

The judgment is affirmed.