Melvin McMILLIAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 78–1472.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1978.
Decided Sept. 20, 1978.

Melvin McMillian, pro se.

James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, filed brief for appellee.

Before HEANEY, STEPHENSON and HENLEY, Circuit Judges.

PER CURIAM.

Melvin McMillian appeals from the district court[1] order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. We affirm.

Appellant was indicted by a grand jury on September 26, 1975 and charged in five counts: Counts I, II and III charged him with robbery in violation of 18 U.S.C. § 2113(a), (b) and (d); Count IV charged him with using a firearm in the commission of a felony in violation of 18 U.S.C. § 924(c)(1); and Count V charged him with conspiracy in violation of 18 U.S.C. § 371. The charges arose from a robbery of the Rath Employees Credit Union in Waterloo, Iowa. Also charged were two co-defendants, Donald Jay Cubean and John Earl Gaines.

Gaines pled guilty to a violation of 18 U.S.C. § 2113(d) and a violation of 18 U.S.C. § 371 and was sentenced to ten years on the robbery charge and five years on the conspiracy charge. He testified for the government against appellant and Cubean, who were tried jointly. Appellant and Cubean were convicted. Appellant was sentenced to twenty-five years on Counts I–III, three years on Count IV (to run consecutively to the term imposed on Counts I–III), and to five years on Count V (to run concurrently to the term imposed on Counts I–III). His conviction was affirmed on appeal. *United States v. McMillian,* 535 F.2d 1035 (8th Cir. 1976), *cert. denied,* 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978).

Appellant has subsequently filed numerous pleadings attacking his sentence and recently succeeded in having his three-year sentence on Count IV vacated. *United States v. McMillian,* No. 78–1065 (8th Cir.

April 10, 1978) (unpublished order). In his current § 2255 motion appellant alleges denial of due process in relation to his plea negotiations with the government.[2] The district court denied the motion without a hearing and this timely appeal ensued.

The facts underlying appellant's claims, which for purposes of this opinion we accept as true, are as follows. After his indictment, appellant entered into plea negotiations with the government. The government offered to recommend a sentence not to exceed twenty years if appellant would plead guilty. Appellant declined the offer.

Thereafter the government entered into successful plea negotiations with co-defendant Gaines. The agreement called for Gaines to plead guilty to one count of bank robbery and one count of conspiracy and to testify for the government at the trial of appellant and Cubean. In return the government would drop the other three charges and would make no recommendation as to sentence. The agreement was approved by the court and carried out by the parties.

Appellant claims that these negotiations violated his constitutional rights. Although appellant's brief indicates that he raises only one claim, it appears that he makes three distinct constitutional claims: (1) selective prosecution; (2) violation of due process because the prosecutor failed to inform appellant of the "unpleasant alternatives" of his rejection of the government's offer during plea negotiations; and (3) his sentence is illegal because it was imposed in retaliation for exercising his right to trial by jury. These claims will be discussed separately.

*Selective Prosecution.*

■ This claim is based on the allegation that appellant's co-defendant Gaines was offered a "better deal" by the prosecution

---

1. The Honorable Edward J. McManus, Chief United States District Judge for the Northern District of Iowa.

2. In his reply brief on appeal, appellant contends that the government knowingly used perjured testimony at his trial. This claim was not presented to the district court and will not be addressed in this opinion.

than was appellant. Appellant does not cite, nor has our independent research disclosed, any case holding that the government must offer identical proposals to persons merely because they are co-defendants. Nor are we aware of any principle of constitutional law which would lead to this result. Accordingly, we reject appellant's contention.

*"Unpleasant Alternatives."*

■ Appellant claims that because the prosecutor did not inform him that, if he rejected the government's proffered plea bargain, a plea bargain might be offered to co-defendant Gaines, he was denied due process. Appellant relies on the following language from *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 669, 54 L.Ed.2d 604 (1978):

> We hold only that the course of conduct engaged in by the prosecutor in this case, which no more than openly presented the defendant with the unpleasant alternatives of foregoing trial or facing charges on which he was plainly subject to prosecution, did not violate the Due Process Clause of the Fourteenth Amendment.

Appellant's contention is simply based on an indefensible and unreasonable construction of the phrase "unpleasant alternatives." The Court, in using this phrase, clearly referred to two alternatives: pleading guilty or going to trial. Appellant clearly understood those alternatives. His claim that a prosecutor must inform a defendant of every consequence, real or imagined, which may result from his decision to plead guilty or not guilty is tantamount to claiming that a prosecutor must assume the traditional duties of defense counsel whenever the prosecutor enters into plea negotiations. Moreover, imposing such a requirement upon prosecutors could invite claims that guilty pleas were coerced. We reject this claim as frivolous.

*Illegal Sentence.*

■ Although appellant's pleadings denominate his final claim as being that the trial court improperly considered his exercise of the right to trial by jury in sentencing him, the thrust of this claim is that because he rejected the government's proffered plea bargain and chose to go to trial, he thus became susceptible to the imposition of the maximum sentence. Appellant's claim is, in essence, that a trial court is bound by the most favorable offer as to sentence made by the prosecutor during the course of plea negotiations, regardless of whether that offer is accepted or rejected by the defendant. This claim is fatuous. Where a defendant rejects a proposed plea bargain and chooses to go to trial, a court is not bound by any recommended sentence contained in the rejected bargain. *United States v. Resnick,* 483 F.2d 354, 358 (5th Cir.), *cert. denied,* 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246 (1973).

The order of the district court is affirmed.