Melvin McMILLIAN and Donald Jay
Cubean, Petitioners,

v.

UNITED STATES of America,
Respondent.

No. CR 75–2009.

United States District Court,
N. D. Iowa, E. D.

June 6, 1979.

Evan L. Hultman, U. S. Atty., Sioux City,
Iowa, for United States.

Frederick G. White, Waterloo, Iowa, for
defendant.

## ORDER

**McMANUS, Chief Judge.**

This matter is before the court on several resisted motions filed by petitioners attacking various aspects of their convictions and sentence.

Petitioners, together with John Earl Gaines, were indicted on September 26, 1975 for various crimes relating to the armed robbery of the Rath Employees Credit Union. A jury found both petitioners guilty of three counts of violating the Federal Bank Robbery Act, 18 U.S.C. §§ 2113(a), (b) and (d) (counts 1, 2 and 3); one count of using a firearm in the commission of a felony, 18 U.S.C. § 924(c) (count 4); and one count of conspiracy to commit the offenses in violation of 18 U.S.C. § 371 (count 5). Petitioner Cubean was also convicted of interstate transportation of stolen property under 18 U.S.C. § 2314 (count 6).

McMillian was sentenced to 25 years on counts 1, 2 and 3, three years on count 4 to run consecutively with the 25-year sentence and five years on count 5 to run concurrently with the other sentences. Cubean was sentenced to 25 years on counts 1, 2 and 3, five years on count 4 to run consecutively with the sentence on counts 1, 2 and 3; five years concurrently on count 5 and three years on count 6 to run consecutively with the sentences on counts 1–5. Petitioners' convictions were affirmed upon appeal. *United States v. McMillian*, 535 F.2d 1035 (8th Cir. 1976).

Almost immediately after their convictions were affirmed petitioners began filing motions attacking their convictions. On August 2, 1976 Cubean filed a motion for reduction of sentence under FRCrP 35. A similar motion was filed by McMillian on August 5, 1976. Both motions were denied on August 26, 1976.

On November 3, 1976 McMillian filed his first motion under 28 U.S.C. § 2255 challenging the validity of his sentence on count 4 under the double jeopardy clause of the fifth amendment. This motion was denied on December 3, 1976. A notice of appeal was filed and then withdrawn.

Petitioner then renewed the motion on February 22, 1977 to raise questions of due process and the legislative history of § 924(c)(1) regarding sentencing. This motion was amended on April 18, 1977 to add as additional grounds for relief questions regarding the use of improper information in his presentence report. His motion was denied as to the presentence report, but the conviction on count 4 was vacated due to the legislative history on November 23, 1977. The government appealed and the court's order was affirmed by the Eighth Circuit in an unpublished opinion filed on April 10, 1978. *United States v. McMillian*, No. 78–1005 (8th Cir., April 10, 1978).

A third petition under Section 2255 was filed then by McMillian on May 4, 1978 alleging a denial of due process in relation to his plea negotiations with the government. This motion was denied on May 10, 1978 and affirmed on appeal. *McMillian v. United States*, 583 F.2d 1061 (8th Cir. 1978).

With this procedural background in mind the court will consider the pending motions in the order of filing.

### McMillian's Motion for Correction of Sentence

On October 23, 1978 McMillian filed a motion, apparently under FRCrP 35, seeking to have his convictions on counts 1 and 2 vacated and the 25-year sentence made to rest solely on count 3. He argues that this is required under *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957) and that the present sentence is prejudicing him before the parole board. The government has resisted the motion, both on the merits and as a second or successive motion under 28 U.S.C. § 2255. While appealing, this latter claim will not be considered since it is the view of the court that this motion should be denied on the merits. The court would note, however, that the number and nature of previous filings lend themselves to the conclusion that the court's processes are being abused by petitioner.

■ Numerous courts agree that while *Prince* held that multiple sentences under the various paragraphs of § 2113 are improper, multiple convictions are not and that a general sentence is proper if not the preferable way of dealing with the problem created by *Prince*. *See, e. g., United States v. Johnson*, 588 F.2d 961 (5th Cir. 1979); *Johnson v. United States*, 495 F.2d 652 (8th Cir. 1974); *Gerberding v. United States*, 471 F.2d 55 (8th Cir. 1973); *Gorman v. United States*, 456 F.2d 1258 (2nd Cir. 1972); *United States v. Corson*, 449 F.2d 544 (3rd Cir. 1971). In light of the above authorities, the court is not impressed with petitioner's argument that he will be prejudiced before the parole commission if the convictions are not vacated. First, the above cases make it clear Section 2113 is a unique situation distinguishable from both claims of double jeopardy and merger. Hence, the sentence is legally proper. *See also, United States v. Busic*, 587 F.2d 577, 583 n.4 (3rd Cir. 1978).

■ Secondly, the court is not convinced that the general sentence in any way prejudices petitioner before the board. 28 CFR § 2.20 does provide:

> "4. If an offense behavior involved multiple separate offenses, the severity level may be increased." 28 CFR § 2.20, note 4, p. 85.

However, petitioner has not alleged that the severity level of his offense has in any way been increased. Indeed, since the circumstances surrounding[1] the assault in count 3 would carry the highest severity level, it is difficult to see how petitioner could be prejudiced by the presence of counts 1 and 2. Further, the board is not absolutely bound by these guidelines, but is free to consider numerous other factors. *Edwards v. United States*, 574 F.2d 937 (8th Cir. 1978).

### Cubean's Motion for Transcript

■ Cubean filed his motion requesting production at government expense a certified copy of the transcript of his trial filed on November 6, 1978. Petitioner asserts that he needs the transcript to pinpoint errors which he feels exist in his case. He makes no attempt to specify the errors either specifically or generally. Further, it appears that petitioner's counsel was supplied a transcript at government expense on appeal and that he now has access to one. (*See* Motion to Vacate, filed February 12, 1979, p. 4).

Under these circumstances the court will deny the motion without prejudice to petitioner's re-assertion if he can show actual need.

### Cubean's Motion for Reduction

Cubean's motion for reduction, filed February 8, 1979, is denied as untimely. FRCrP 35.

### Motion to Vacate Under § 2255

Finally, petitioners filed a joint motion to vacate under Section 2255 on February 12, 1979. The only grounds raised in this motion is that the convictions on counts 1–3 are invalid because the court failed to instruct on an essential element of the crime. Specifically, petitioners claim that the court failed to instruct the jury that before they could convict either petitioner on counts 1–3 that they must find beyond a reasonable doubt that the credit union was federally insured on the day of the robbery.

The government has resisted the motion, both on the merits and under Rule 9 of the Rules Governing § 2255 Proceedings in Federal District Courts. Because of the procedural history outlined above the court feels that the motion should be denied on the merits as to both petitioners.[2]

---

1. The evidence at trial shows that petitioners carried a firearm in the commission of the offense and pistol-whipped at least one employee of the credit union. *See, United States v. McMillian*, 535 F.2d 1035, 1037 (8th Cir. 1976).

2. As noted above, McMillian has filed numerous 2255's and other motions attacking his sentence which the court views as an abuse of procedure under Rule 9(b) of rules governing § 2255 proceedings. Further, it seems unquestionable that the government would be prejudiced by the delay in raising these grounds in retrial as well as the earlier vacation of count 4.

The facts are basically clear and undisputed. No instruction was given the jury on the requirement that the credit union must be federally insured on the date of the robbery. The jury was given a copy of the indictment which contained the proper allegation. A review of the record shows that the government clearly proved the element beyond a reasonable doubt and the issue was uncontroverted at trial. *See,* Tr. pp. 127–134. *Cf. United States v. Murrah,* 478 F.2d 762 (5th Cir. 1973). There was uncontroverted oral testimony that the credit union was insured on the date of the robbery and the certificate of insurance and receipt for payment were also before the jury. Further, no objections to this omission were raised at trial, post-trial or on appeal.

■ At the outset it should be kept in mind that this is a post-conviction proceeding where objections to instruction may not generally be raised. *United States v. Kelton,* 518 F.2d 531 (8th Cir. 1975); *Houser v. United States,* 508 F.2d 509 (8th Cir. 1979). It is only where an erroneous instruction renders the trial so fundamentally unfair that it constitutes a denial of a fair trial in a constitutional sense that it may be considered under Section 2255 though not raised on appeal. *See, e. g., Brinkley v. United States,* 560 F.2d 871 (8th Cir. 1977); *Howard v. Daggett,* 526 F.2d 1388 (9th Cir. 1975); *United States v. Kelton, supra; Egger v. United States,* 509 F.2d 745 (9th Cir. 1975); *Quinn v. United States,* 499 F.2d 794 (8th Cir. 1974); *Lorraine v. United States,* 444 F.2d 1 (10th Cir. 1971). *See also, Hill v. United States,* 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979).

■ As noted above, the evidence was clear and undisputed on this point. Under the record there is no way the jury could have acquitted petitioner on the basis of the credit union being uninsured on the date of the robbery.

However, Cubean is not in the same situation and since the court would be compelled in any event to consider his claims on the merits, it

■ Further, while it may be error not to instruct on every element of the offense, it does not follow that it must always rise to a constitutional level or even that reversal is always required even under the plain error rule when the matter is raised for the first time on direct appeal. *See, United States v. King,* 587 F.2d 956, 966 (9th Cir. 1978); *United States v. Gilbert,* 140 U.S.App.D.C. 66, 433 F.2d 1172 (D.C. Cir. 1970); *United States v. Prujansky,* 415 F.2d 1045 (6th Cir. 1969); *Lloyd v. United States,* 412 F.2d 1084 (5th Cir. 1969); *Olar v. United States,* 391 F.2d 773 (9th Cir. 1968); *United States v. Schmidt,* 376 F.2d 351 (4th Cir. 1967).

Here, while the matter was not directly stipulated to as was the case in some of the above cases, it was never seriously disputed. Indeed, there appears to be a real question of where there was a knowing and voluntary waiver of this claim.

Alternatively, if this can be viewed error of a constitutional dimension under the circumstances of this case, it is clearly harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The court is unpersuaded by the cases cited by petitioner. The bulk arise on direct appeal and deal with a question of whether the omission was plain error where a disputed element was omitted. Here the record is clear that petitioner could have sustained no prejudice and that the missing element was established beyond a reasonable doubt and undisputed by petitioner. *Cf. United States v. Bosch,* 505 F.2d 78, 80 (5th Cir. 1974). Under these circumstances the court is not inclined to find the omission to be so fundamental as to result in a complete miscarriage of justice. *Hill v. United States, supra. United States v. Golay,* 560 F.2d 867 (8th Cir. 1971) is inapposite since that case involved a sentence on an offense not submitted to the jury.

It is therefore

ORDERED

All pending motions denied.

would be futile to pursue the Rule 9 problems as to McMillian at this time.