UNITED STATES of America, Appellee,

v.

**Donald Jay CUBEAN a/k/a "Slim", "Frisco", James Boyd, Harold T. Obey & Ruel Johnson; Melvin McMillian a/k/a "Mac", Appellants, and John Earl Gaines.**

No. 79–1557.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 20, 1979.

Decided Dec. 26, 1979.

Rehearing Denied Jan. 21, 1980.

Certiorari Denied March 3, 1980.
See 100 S.Ct. 1283.

After reviewing the record, the district court denied relief. It found that the insured status of the credit union was proved beyond a reasonable doubt, and noted that the issue was uncontroverted at trial and was not raised on direct appeal. The court found that petitioners were not prejudiced by the omission, and concluded that any error was therefore harmless.

We have reviewed the record and briefs, and agree with the district court. We affirm on the basis of its well-reasoned opinion. *McMillian v. United States,* —— F.Supp. —— at —— – —— (N.D.Iowa, June 6, 1979). *See* Local Rule 14.

---

Melvin McMillian, pro se.

Donald Jay Cubean, pro se.

James H. Reynolds, U. S. Atty., Cedar Rapids, Iowa, for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

Melvin McMillian and Donald Jay Cubean, proceeding pro se, appeal from the denial of their joint post-conviction petition filed pursuant to 28 U.S.C. § 2255.

In 1975, McMillian and Cubean were convicted by a jury of robbing the Rath Employees Credit Union of Waterloo, Iowa, in violation of 18 U.S.C. § 2113, using a firearm in the commission of a felony in violation of 18 U.S.C. § 924(c), and conspiracy to commit those crimes in violation of 18 U.S.C. § 371. Cubean was also convicted of interstate transportation of stolen property in violation of 18 U.S.C. § 2314. The convictions were affirmed by this court in *United States v. McMillian,* 535 F.2d 1035 (8th Cir. 1976), *cert. denied,* 434 U.S. 1074, 98 S.Ct. 1262, 55 L.Ed.2d 779 (1978).

Petitioners argue in the the instant petition that their robbery convictions are invalid because the trial court failed to instruct the jury on the requirement that the credit union must have been federally insured on the date of the robbery. *See* 18 U.S.C. § 2113(h).