UNITED STATES of America, Appellee,

v.

Bruce Calvin BECK, Appellant.

No. 81–1185.

United States Court of Appeals,
Eighth Circuit.

Submitted July 19, 1981.

Decided Sept. 25, 1981.

---

David D. Crane, argued, St. Louis, Mo., for appellant.

Charles A. Shaw, argued, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before HENLEY and McMILLIAN, Circuit Judges, and COLLINSON *, Senior District Judge.

COLLINSON, Senior District Judge.

On February 4, 1981, a jury found appellant guilty of unlawfully and knowingly having in his possession chattels of a value in excess of $100, to-wit, eight automobile tires, which had been stolen and unlawfully taken away from a railroad boxcar while moving as a part of an interstate shipment, all in violation of Title 18, United States Code, § 659. On February 17, 1981, the district court [1] sentenced appellant to eight years' imprisonment. We affirm the conviction.

Evidence adduced at trial disclosed that at approximately 5:00 p. m. on Sunday, July 15, 1979, a Vinita Park, Missouri, police officer on patrol around the Goodyear Tire and Rubber Company warehouse facility noted an open gate at the rear of the compound. The gate lead to the loading pens where the railroad boxcars were kept. The officer walked back into this area and discovered that a boxcar containing a shipment of new tires had been opened. Subsequent investigation revealed eight (8) tires from this shipment concealed in some nearby undergrowth. The investigating officer, along with several other policemen, conducted a "stake-out" to apprehend those who might return to claim these goods. According to the testimony of the police officers, appellant appeared with another man, later identified as Major Jerome Buchanan, and each seized two tires and started to walk away. Before they had proceeded far, however, both were placed under arrest.

Appellant maintains on appeal that the trial court erred in denying his motion for judgment of acquittal at the close of the government's case and at the close of all the evidence because the evidence was insufficient to sustain a conviction for the offense charged. In *Tanner v. United States*, 401 F.2d 281, 285 (8th Cir. 1968), *cert. denied* 393 U.S. 1109, 89 S.Ct. 922, 21 L.Ed.2d 806 (1969), this Court adopted a standard for testing the propriety of such a motion which was articulated in *Maguire v. United States*, 358 F.2d 442 at 444 (10th Cir. 1966):

---

* The Honorable William R. Collinson, Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

In considering the motion for [judgment of] acquittal, the trial court must view the evidence in the light most favorable to the government, together with inferences which may fairly be drawn therefrom, and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt. This standard is applied to each of the several elements of the offense.

█ In order to convict appellant, the government must prove that (1) the tires were stolen, (2) that they were part of interstate shipment, (3) that they had a value in excess of $100, (4) that appellant had possession of the tires, and (5) that such possession was with the knowledge that the chattels were stolen. There is no dispute on appeal as to the sufficiency of the evidence supporting the first three elements of this offense. The Court further believes, "considering the evidence in the light most favorable to the government, together with inferences which may fairly be drawn therefrom," that there is substantial evidence from which a jury could conclude that appellant had possession of the tires with knowledge that they were stolen.

█ The record indicates that when appellant and his accomplice were arrested, each had actual possession of two tires which had been removed from the railroad boxcar. The appellant "exercised dominion and thus possessed" the tires within the meaning of Section 659. *United States v. Francisco,* 410 F.2d 1283 (8th Cir. 1969). Evidence of actual possession of all eight tires is not necessary to sustain a conviction under the statute; constructive possession is sufficient. *Sewell v. United States,* 406 F.2d 1289, 1293 (8th Cir. 1969). Indeed, as stated in *United States v. Stephenson,* 474 F.2d 1353, 1355 (5th Cir. 1973),

> such "constructive" possession need not be exclusive, it may be shared with others . . . [and] [m]oreover, it may be proven by circumstantial as well as by direct evidence.

These tires had been retrieved by appellant from the rear of the warehouse building in a heavily weeded area. The boxcar from which they came had recently been opened in an unauthorized fashion. Investigation subsequent to arrest disclosed that an automobile belonging to Buchanan was parked about one-eighth of a mile from the Goodyear warehouse. A pair of wire cutters and a large screwdriver were found on the floorboard. Upon arrest, appellant stated that he and his companion were in the Goodyear compound searching for junked car parts with which to repair the Buchanan automobile. Lt. Webb of the Vinita Park Police Department testified that at no time had there ever been any junked car parts in that area.

Examination of the record leads us to conclude that there was sufficient evidence going to the "essential element or ingredient in the offense under the statute." *Tanner, supra,* at 287. That is to say, there is evidence to provide an "adequate basis for reasonable and permissible inference" by the jury that appellant knew the tires were stolen at the time he and his accomplice took possession of them. Indeed, appellant has no plausible evidence in this case to otherwise explain his presence in the Goodyear compound or his possession of the tires. The Court thus finds that there is substantial evidence in the record from which a jury might properly find the accused guilty beyond a reasonable doubt. The trial court, therefore, did not err when it denied appellant's motions for judgment of acquittal.

Affirmed.