UNITED STATES of America, Appellee,

v.

Paul Andre DeBORDEZ, Appellant.

No. 84–1181.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1984.

Decided Aug. 20, 1984.

Certiorari Denied Dec. 10, 1984.

See 105 S.Ct. 599.

Donald L. Turbyfill, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., Dean R. Hoag, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ROSS, Circuit Judge.

The appellant, Paul Andre DeBordez, was indicted on two counts of bank robbery, 18 U.S.C. § 2113(a). On January 4, 1984, the case was tried before a jury and a verdict of not guilty on the first count, but guilty on the second, was returned.[1] In this appeal, Paul Andre DeBordez argues that errors committed in the conduct of the proceedings require reversal. We affirm the judgment of conviction. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

**Facts**

The facts underlying the first count are as follows. On October 26, 1982, the Mercantile Commerce and Trust Company was robbed. A lone black man stood in line as though he were a customer, but upon reaching the teller, handed her a large manila envelope and announced that this was a holdup and that he was armed. JoAnn Stacy, the teller, described the robber as 5′9″ to 6′ tall, weighing between 145 and 160 pounds, in his early 30's, wearing a trench coat and speaking in a whisper.

On November 19, 1982, JoAnn Stacy, with the aid of a police artist, completed a sketch of the suspect. This sketch was displayed on local television and newspapers. Richard Clements, the appellant's parole officer, recognized the sketch as Paul DeBordez, and so informed the FBI.[2]

On February 14, 1983, a lone black man, following a course of conduct similar to that described above, robbed the Bank of St. Louis. Iris Cornock, the teller, described him as well dressed, approximately 185 pounds and, possibly, with a space between his teeth. Iris Cornock, from a photo spread of six suspects, identified the appellant as the robber. Several days later JoAnn Stacy also identified the appellant, selecting his photograph out of the same array.

In a lineup held on April 26, 1983, Iris Cornock positively identified the appellant as the man who robbed her bank. JoAnn Stacy could only tentatively identify Paul Andre DeBordez as the perpetrator of the October robbery. Iris Cornock and JoAnn Stacy were the principal witnesses for the prosecution at the trial.

**Discussion**

The appellant first contends that the district court erred when it refused to grant his motion for acquittal. The appellant argues that certain alibi evidence, which he describes as uncontradicted, outweighed the eyewitness testimony of Iris Cornock. The government argues that the alibi evidence did not place the appellant away from the bank at the critical time of the robbery, and also notes that Iris Cornock's description of the robber's clothing matched the testimony of one of the appellant's alibi witnesses.

---

1. The Honorable John K. Regan, Senior United States District Judge for the Eastern District of Missouri, presided.

2. The appellant had previously been convicted of bank robbery.

The standards governing the review of motions for acquittal are well established.

> In considering the motion for [judgment of] acquittal, the trial court must view the evidence in the light most favorable to the government, together with inferences which may fairly be drawn therefrom, and then determine whether there is substantial evidence from which a jury might properly find the accused guilty beyond a reasonable doubt. This standard is applied to each of the several elements of the offense.

*United States v. Beck,* 659 F.2d 875, 877 (8th Cir.1981) (citations omitted).

■ In our opinion the testimony of Iris Cornock constituted evidence which when viewed in the light most favorable to the government was sufficient to support a verdict of guilty beyond a reasonable doubt. The trial court's order denying the motion was not error.

The appellant next argues that the trial court committed reversible error when it refused his motion for an election or separate trials on the two counts. The appellant desired to take the stand and testify on the matter of count two but not as to count one. These two counts were improperly joined, according to the appellant, under Federal Rule of Criminal Procedure 8(a) because they were not sufficiently similar. This court is urged to conclude that reversal of the trial court is necessary because joinder was error which prejudiced the rights of the appellant. We do not agree.

■ "The trial court has a wide range of discretion in matters of severance, and we reverse only upon a finding of clear prejudice and abuse of discretion." *United States v. McClintic,* 570 F.2d 685, 689 (8th Cir.1978). Where the evidence on each count tends to overlap and the offenses are similar and occurred in a relatively short period of time, joinder is usually proper. *United States v. Riley,* 530 F.2d 767, 770 (8th Cir.1976). In this case, the offenses are identical in type and strikingly similar in the method of operation employed. They both occurred during a three-month period of time. Under these circumstances, we cannot conclude that the trial court abused its discretion in denying the appellant's motion. In addition, it does not appear that the jury improperly based its verdict in count two on evidence adduced to support count one. Iris Cornock was more certain in her identification of the appellant than was JoAnn Stacy. The jury's decision to convict only on the second count was rationally based on the varied strength of the evidence and in no way supports the appellant's contention that the verdict was based on an improper accumulation of evidence.

■ The appellant's third contention on appeal is that the trial court erred in denying his motion in limine to exclude evidence of his prior conviction for bank robbery. The appellant was convicted on January 11, 1974. Sentenced to twenty-five years, he was paroled in 1982. The trial court did not follow the preferred course and conduct on the record the balancing test mandated by FED.R.EVID. 609(a). We cannot, however, conclude under the facts of this case that the trial court abused its discretion in ruling that the appellant's prior conviction would be admissible for purposes of impeachment. In reaching this determination we are guided by precedent. *United States v. McMillian,* 535 F.2d 1035, 1039 (8th Cir.1976) (prior conviction for robbery admissible to impeach defendant who was then standing trial on the charge of robbery); *United States v. Lipscomb,* 702 F.2d 1049, 1070–73 (D.C.Cir.1983); *United States v. Grandmont,* 680 F.2d 867, 870–72 (1st Cir.1982).

We have carefully reviewed the last issue raised by the appellant that certain rebuttal testimony was erroneously admitted, and find it to be meritless. For the reasons discussed above, the judgment of the district court is affirmed.