831 F.2d 297
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin CRUMBIE, Defendant-Appellant.
 No. 86-1882.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1987.
 
 Before KEITH and MILBURN, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Kevin Crumbie appeals from his jury conviction for armed bank robbery in violation of 18 U.S.C. S 2113(a) and (d). For the reasons that follow, we affirm.
 
 I.
 
 2
 On Friday, March 21, 1986, at 10:30 a.m., four men robbed the Michigan National Bank of Macomb in Warren, Michigan. The robbers escaped with approximately $20,000 in cash. They fled from the scene in a brown or rust-colored compact car.
 
 
 3
 On April 17, 1986, a federal grand jury returned a one-count indictment charging Aundray Bradley, Willie Joseph Causey, Jr., and appellant Kevin Crumbie with armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d).[1] Appellant pleaded not guilty, and a five-day jury trial began on July 24, 1986.
 
 
 4
 At the trial, witnesses Tamara Furnari and Karen Dimaria were unable to identify appellant Crumbie as one of the perpetrators. However, both testified that they were unable to get a complete look at suspect number 1, who was ultimately identified as Crumbie.
 
 
 5
 The key prosecution witness against Crumbie was teller Mary Jean Masseraut, who was stationed at one of the teller windows from which suspect number 1 removed money. She identified suspect number 1 as Crumbie in a photo array and at the trial. Although Masseraut's opportunity to view suspect number 1 was brief, she saw his full face. Her identification of defendant Crumbie has been unwavering.
 
 
 6
 In addition to Masseraut's identification, the government introduced circumstantial evidence against appellant. Martin Hall testified that he saw Crumbie on the day of the robbery, and that Crumbie had in his possession a large amount of money in hundred, fifty, and twenty dollar bills. Martin Hall further testified that two days after the robbery Crumbie asked Robert Hall to hold $2500 for him. This testimony was corroborated by the testimony of Robert Hall.
 
 
 7
 Wanda Ross, Crumbie's girlfriend and the mother of his child, stated that Crumbie gave her $280 on the day of the robbery. He later gave her another $380 for safekeeping. Ross further testified that Crumbie was "acting a little strange" on the day of the robbery, and that he told her he had "robbed the wrong people."
 
 
 8
 The jury rendered a guilty verdict against all defendants. On September 12, 1986, Crumbie was sentenced to a twelve-year term of imprisonment. In this appeal, Crumbie argues that the evidence presented at the trial was insufficient to support his conviction.
 
 II.
 
 9
 The standard utilized by appellate courts when considering the sufficiency of the evidence is a familiar one. "It is not for us to weigh the evidence or to determine the credibility of witnesses. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). "[T]his rule applies whether the evidence is direct or wholly circumstantial. It is not necessary that circumstantial evidence remove every reasonable hypothesis except that of guilt." United States v. Stone, 748 F.2d 361, 363 (6th Cir. 1984). See also United States v. Ayotte, 741 F.2d 865 (6th Cir.), cert. denied, 469 U.S. 1076 (1984); United States v. Johnson, 741 F.2d 854, 856 (6th Cir.) (per curiam), cert. denied, 469 U.S. 1075 (1984).
 
 
 10
 We agree with appellant's contention that a mere suspicion of guilt is insufficient to support a conviction. See United States v. Bradley, 421 F.2d 924, 926 (6th Cir. 1970). Nevertheless, the evidence must be considered in the light most favorable to the government, and the guilty verdict must be upheld "[i]f the evidence is such that a reasonable mind might fairly find guilt beyond a reasonable doubt...." Ayotte, 741 F.2d at 867.
 
 
 11
 Although several bank tellers were unable to identify the appellant, the record shows that they did not have an adequate opportunity to view suspect number 1. Moreover, although appellant argues that eyewitness identification is unreliable, the fact remains that Mary Jean Masseraut unequivocally identified Kevin Crumbie on two occasions. This identification, coupled with the circumstantial evidence considered above, was clearly sufficient to support appellant's conviction. See United States v. DeBordez, 741 F.2d 182 (8th Cir.), cert, denied, 469 U.S. 1089 (1984); United States v. Alewelt, 532 F.2d 1165 (7th Cir.), cert. denied, 429 U.S. 840 (1976); United States v. Taylor, 530 F.2d 639 (5th Cir.), cert. denied, 429 U.S. 845 (1976) .
 
 III.
 
 12
 Accordingly, for the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The fourth suspect was never identified or apprehended